UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHY L. TOOLE,

    Plaintiff,

v.                              Civil Action No. 13-1038

PRESIDENT BARACK OBAMA, et al.,

    Defendants.

FILED
JUL -9 2013
Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.

Notwithstanding the long list of defendants to this action, *see* Compl. (caption), the gravamen of the plaintiff's complaint arises from the action, or inaction, of federal judges to whom her cases in the United States District Court for the Southern District of Mississippi were assigned.[1] Plaintiff alleges that these judges have deprived her of equal and impartial justice under the law. *See generally id.* at 1-4 (page numbers designated by the plaintiff). She demands $6 million as compensation "for all the mental anguish that all the federal judges . . . employed in the state of Mississippi has put [her] through." *Id.* at 4-5.

---

[1] The plaintiff fails to state claims against President Barack Obama and Chief Justice John Roberts, who allegedly failed to respond to the plaintiff's letters. *See* Compl. at 5-7. Any claim pertaining to veterans benefits, *see id.* at 7-14, is a matter over which this Court lacks subject matter jurisdiction. *See Frison v. Principi*, No.03-5095, 2003 WL 22097797, at *1 (D.C. Cir. Aug. 28, 2003) (per curiam) ("The district court lacked subject matter jurisdiction . . . because underlying the claim is an allegation that the VA unjustifiably denied a veteran's benefit"); *Higgins v. Kelly*, 824 F.2d 690, 691 (8th Cir. 1987) (per curiam) (affirming dismissal for lack of subject matter jurisdiction of complaint against Veterans Administration rating board and supervisor arising from denial of veterans benefits); *Kumnick v. United States*, No. 8:05-cv-01511, 2007 WL 4614771, at *2 (M.D. Fla. Dec. 31, 2007) ("The plain language of 38 U.S.C. § 511(a) precludes this court's exercise of subject matter jurisdiction over Plaintiff's claim that Defendant failed to properly and timely verify Plaintiff's eligibility for VA benefits.").

The plaintiffs' "claims against the . . . federal judges are barred on judicial immunity grounds." *Caldwell v. Kagan*, 455 F. App'x 1, 1 (D.C. Cir. 2011) (citing *Forrester v. White*, 484 U.S. 219 (1988) and *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)).  Accordingly, the complaint must be dismissed for failure to state a claim upon which relief can be granted.  *See, e.g., Tsitrin v. Lettow*, 888 F. Supp. 2d 88, 91 (D.D.C. 2012).  An Order is issued separately.

/s/
United States District Judge

DATE: 6/26/2013